**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4330

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN DELGADO-AGUILAR, a/k/a Juan C. Delgado,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00418-WLO)

Submitted:  October 19, 2007          Decided:  November 2, 2007

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Delgado-Aguilar appeals from his conviction and twenty-month sentence after pleading guilty to illegal reentry into the United States after removal for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Delgado-Aguilar's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious claims for appeal, but raising the issue of whether Delgado-Aguilar's sentence was reasonable. Delgado-Aguilar was given an opportunity to file a supplemental pro se brief, but has declined to do so.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then considers the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determines an appropriate sentence. Davenport, 445 F.3d at 370. This court will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47. A sentence within the proper advisory guidelines range is presumptively reasonable. United States v.

Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see Rita v. United States, 127 S. Ct. 2456 (2007).

At sentencing, Delgado-Aguilar did not object to the findings in his presentence report or to the sentencing guidelines range, which was calculated at 27 to 33 months. The district court imposed a variance sentence below the guidelines range, sentencing Delgado-Aguilar to twenty months' incarceration. The Government did not object to the variance. On appeal, Delgado-Aguilar has failed to demonstrate why his sentence is procedurally or substantively unreasonable. The district court correctly calculated the advisory guidelines range and considered the relevant factors under 18 U.S.C.A. § 3553(a). Therefore, we find that the sentence imposed by the district court was not unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Delgado-Aguilar's conviction and sentence. We deny counsel's motion to withdraw at this juncture. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED